Arguments not to exceed 15 minutes per side. Ms. Watson, for the appellant you may proceed. Thank you. May it please the court, the warden asks you today to reverse the district court's 60B decision. I'd like to begin this morning with a concession. The warden concedes that Mr. Gillispie is entitled to a new trial in this case. He's entitled to that new trial not because of the conditional writ, however, because that process was interrupted when the state court pulled the jurisdictional rug out from under the federal habeas court's jurisdiction. Jurisdiction is awarded in federal habeas cases pursuant to Article 3, 2254A, and 2241C3, and it occurs when there is an unconstitutional state conviction resulting in an unconstitutional confinement of the state petitioner. Once that jurisdictional rug, however, has been pulled, there no longer remains any federal habeas court jurisdiction. That's what this court held in Edelman v. McKee. It doesn't follow from that that we have to go back and erase a previous judgment that was proper when it was entered, does it? Well, the reason that that occurs, your honor, is because of United States Supreme Court precedent in Munsingware. I ask about that, but I want to make sure that's all we're appealing. The appeal is from the order denying a Rule 60B motion to vacate a judgment as to which there was jurisdiction when it was entered. Jurisdiction when it was entered. Jurisdiction when it was entered, but the court is required, once that, the judgment has been fulfilled, and thus, in a sense, moot, the court was required to vacate it. Correct. Do you have any case where Munsingware is applied without there being an appeal? I have not cited any of my briefs, your honor. So, isn't Munsingware a case that deals with an order from the Court of Appeals when there is an appeal that moots out during the appeal? Isn't that what Munsingware is all about? Yes or no? Yes, Munsingware... This isn't that case, is it? Well, it is, your honor, and the directives of Munsingware stand for the equitable proposition that the losing party should not be made to force, to acquiesce, to a judgment that was, in a case, that was mooted during his appeal through no fault of his own. In Munsingware itself, though, the actual holding of Munsingware was, and therefore, during that appeal, you should have asked for an order vacating. And since you didn't, it's too late. Isn't that what they held in Munsingware? That's not correct, your honor, not to my interpretation. What happened in Munsingware... Your honor, in Munsingware, the Court of Appeals, sua sponte, dismissed the appeal. No one asked to dismiss the appeal. It was a price-fixing case and the Court of Appeals recognized, sua sponte, that the underlying issue had become moot. So, they dismissed the appeal. And the Court held that the parties had slept on their rights because they didn't file a motion to vacate after... In the appeal? Pardon me? In the appeal? No. They even said that had a motion to vacate been filed, that the issue would have been properly before them in the denial of that 60B. That's what occurred here. In Bancorp, that case was a case where the appeal became moot during the appeal, but the Court did not lose jurisdiction, as was the case here. In Bancorp, the appeal became moot because the parties settled, mooting the effects of the appeal. And the Court once again held that the parties had slept on their rights because they did not file a motion to vacate, either in the District Court or before the Court of Appeals. In the concluding paragraphs in Bancorp, they specifically say, had the Court, had there been a motion to dismiss, vacate filed in the Appellate Court, they could have remanded it back to the District Court for consideration in the first instance. Let me see if I understand your argument. Are you saying that you're excused, essentially, from your omission from having filed a motion to vacate? Let me start over. We ought to overlook your omission that you didn't file a motion to... How do you... I'm confused. How are you distinguishing Munsingware or are you? No, it applies in this case, 100%. It applies because... Well, in that case, though, they said you don't get the vacator. That's because the United States... That's the bottom line. No, Your Honor, they don't get the vacator because they never filed for it. They never filed for it. We preserved... You never filed for it in the Court of Appeals, which is the place to file for it. It does not. There's nowhere in the Munsingware or the Bancorp decision that required that the 60B motion be filed in the first instance in the Court of Appeals. But you have no case where a Munsingware order was just ordered without having an appeal and going to the Court of Appeals. I'm familiar with Munsingware orders. I mean, I've seen them and argued for them and been argued against them and dealt with them in the Court of Appeals, but it's hard for me to remember a situation where a district court decides a case, then in some sense it moots out later so it no longer has jurisdiction, and then a party goes in on Rule 60B and says, vacate your prior order. Munsingware, in my limited experience, has always been your... It moots out during the appeal, and you ask the Court of Appeals to vacate the order. Now, do you have cases where your model has happened before, is what I'm asking? Well, we cite... Because that's a strange model. It is a very strange model, Your Honor, but... So, do you have any precedent for it, is my question. I have no precedent. And you can't cite cases where the Court of Appeals has done it or has not done it, because those are Court of Appeals cases. Your Honor, the reason why there is no precedent is because this is the most unusual circumstance that I've ever seen in a federal habeas case. So it's an unprecedented event. In essence, although my opposing counsel has conceded on page 22 of his brief that your sister circuits in the Fourth and Eighth District have granted habeas relief in a situation where the state courts have given the precise relief that the petitioner was requesting during the pendency of the case. That is what happened here in this case. Do you concede that on behalf of the warden, you should have, instead of dismissing your appeal, should have filed a motion to vacate? That is certainly one way to achieve... That would be consistent with what I understand you arguing as far as Munsingware is concerned, correct? It is one way to achieve the result, but I am definitely not conceding it is the only way. We had no choice but to dismiss our appeal. We informed this Court, as was the belief of all parties in the case, that if the jurisdiction was pulled by the state court, the habeas jurisdiction would end. You didn't have the option of filing a motion to dismiss your appeal? We certainly could have done that, but there's nothing that prevents us... If you had done that, would we be here? We probably would, because I'm sure Mr. Gillespie would be arguing something was wrong with that process as well. However, you cannot, in all fairness and equity, deny that a motion to vacate filed in the court of first instance who issued the judgment is an improper sleeping on your rights procedure. Even Gillespie concedes... Because Rule 60B motions aren't supposed to substitute for appeals. I wish that it didn't. It's not substituting for appeal, Your Honor. I wish we were able to proceed with our appeal before this Court, but the Munsingware... You see at least the difficulty some of us are having with the idea that this can be done. The Munsingware... And the reason, I'll tell you the reason, is because the President, it seems to say, you can get a Munsingware order without ever having appealed. That's not... So you lose a case and you comply and so it's moved and then you go in and ask for a Munsingware order because you know months after the case has been decided and you've paid the judgment or you've complied with the injunction or whatever and there's nothing left to be ordered. You go in and say I want a Munsingware order to erase the judgment. That's not... That never happens. And it could happen in virtually every case. So it just seems to me strange that we would say let's do that. But you must according to the Supreme Court. Our appeal was mooted because it was through no fault of our own but through what they determine is the vagaries of circumstance. I mean every case is mooted... No, it's not just moot, Your Honor. The jurisdiction is lost and that's the determining factor here. You couldn't... Our appeal could not have been reviewed, period, by you or any other court. It's not our fault. The case is moot, but that is... When the case is moot you ask for a Munsingware order. That's what you're saying. That's what I did in the district court. We asked for the Munsingware order in the district court which brings the issue properly before you on the denial of that 60B. Nowhere in Bancorp does it say and nowhere in Munsingware does it specify specifically that the  the order must be filed. You do have trouble fitting it under one of the 60B categories. I'm sorry? You do have trouble fitting it under one of the 60B categories. As we argued in our brief, Your Honor, I don't believe that that's the case as well. Under 60B-5 there is the underlying order. The underlying order that has been vacated is, of course, the state court conviction. That is a prior order that is directly related to this case and in a sense it is the jurisdictional rug. It has been vacated. The City of Detroit helps you here, correct? Am I right about that? Okay. The City of Detroit case? Could you say the entire case name? It's 401-Fed-3rd. City of Detroit versus... I'm sorry. That's okay. See if I can find it. It's 401-Fed-3rd. I know that. It's not one of the main cases you rely on. No, it's not one of the main cases I rely on. That's for sure. I will... Can I ask some questions? Your time is up and I have a couple more questions. Oh, good. Go ahead. The tone of your brief suggests that your concern is not so much that you just don't want this precedent on the books anymore, which is usually why there's a Munsingware order. They don't want this precedent to stay when they've lost the chance to appeal it. That's kind of the context for why you have Munsingware. But I'm wondering why... The tone of your brief suggests that what you're really concerned about is when the order has mooted out. Is that fair or is that a misreading of your brief? It is not a misreading. If that's your concern, why wouldn't it make sense for you to appeal those things rather than saying we have to go back and erase what arguably is the basis for them? It just seems like a strange way. If the district court now, for instance, does something that the district court has no right to do, for instance, interfere with the state proceedings, he's got to do that in an order, right? He can't do it by saying harumph. He enters an order that does something that you disagree with. You appeal that and you say it's based on something that's moot and no longer has power. Wouldn't that make more sense than to try to go and erase the conditional writ that's now moot and no longer applicable? That just seems like a kind of a strange way to litigate that concern that courses through your brief. That's my question. Sure. What I had hoped to communicate are there are two distinct issues that we are very concerned about in this case. The first issue is indeed the equitable estoppel effects on an untested, unenforceable, habeas corpus writ where our appeal was frustrated through no fault of our own. You mean that some future order will be affected by that judgment? Well, that is what the district court stated in his order. In other words, however untested the state may believe this court's final judgment is, that judgment is a declaration of how the United States Constitution applies to the facts of this case, binding on the parties. Of course, if this court vacated its judgment, the collateral estoppel effect of that judgment would disappear. That is in large part... You're concerned about collateral estoppel effects? That is in large part while the motion to dismiss was denied. He goes on to say... I'm asking what you're concerned about. You're concerned about collateral estoppel effects that he's hinting at there? Well, he isn't hinting at them. It's in an order that he stated. Well, that's what I'm concerned about. I'm very concerned about. The state court needs to have the authority to continue and proceed with its retrial without any unlawful interference whatsoever by a state court. Why can't we wait until there's an unlawful interference and then appeal from it? Well, because the issue is properly before you now, your honors, in the denial of the 60B. It is like the district court is holding a loaded gun against the state of Ohio and the only thing that, according to the second part, which he believes he is under the misimpression that he retains jurisdiction. That's in an order that's currently before you in a 60B. Let's say that got cleared up hypothetically. This court should clear it up. With entering orders with regard to a state court proceeding. That's right. The jurisdiction is done. Then what's your concern? He's still holding the gun against the state of Ohio. All he has to do is pull the trigger of declaring that he can come in and bar a retrial at any proceeding. And the orders that he get in the 60B, he cannot. He cannot. When you issue a conditional writ, if the conditions aren't met, can't you make an unconditional writ? Every condition is met here. The conviction was vacated. He was granted a retrial and he was released while our appeal was pending. The district court conceded at his judgment. Did the district court order that there could be no further retrial? No. He stopped short of saying that. If the district court did make such an order, could you appeal it? My understanding would be in terms of some sort of a writ of prohibition or a mandamus action at that point in time that the state of Ohio may bring. But as far as what we're doing... I understand. The district court can enter an order. You have to do a mandamus in order to appeal it? If it's a prospective order. If he hasn't pulled... I now declare that you can't try him anymore. Yes, we could appeal that, Your Honor, but that would be... At that time, when you appeal it, could you then say he lost jurisdiction way back then? Regardless of what he said, he lost jurisdiction under Edelman, so therefore there's a basis for appealing it? Could you say that? We could do that, Your Honor, but you could clear it up now, lawfully, under 60B. We could clear it up, but we'd have to stretch 60B all over the place in order to do that. You don't, Your Honor. Respectfully, this is a case where there is no jurisdiction, and Munsinger... Subject matter jurisdiction is gone. It's lost because the case was completed. Respectfully, Your Honor, the state courts vacated the rug, and everything that was on it has fallen. During our appeal, we didn't abandon our appeal. But it wasn't without jurisdiction when it was entered. Correct, but it lost the jurisdiction. It lost jurisdiction, right? Lost jurisdiction. That doesn't necessarily mean under Rule 50B you can go back and erase it. Rule 50B says if it didn't have jurisdiction then you can go back and... 60B4, but not 60B5, and certainly not 60B6, which is equitable. It flows along with the equitable determinations of Munsinger. Our appeal was not lost because we abandoned it. By operation of law, it evaporated. We were left without a remedy. I don't want to prolong this part of the argument, but you could say it's true in any Munsinger-type case. No, not in any Munsinger-type case. I know there's a distinction between loss of subject matter jurisdiction and just mootness. At least as to the mootness part, everybody could say, oh, the court didn't have jurisdiction because it's I couldn't ask the Court of Appeals to vacate. The Munsinger order only applies when there's been no fault on the adverse party, and they specifically say the adverse party should not and cannot be treated as if there had been an appellate ruling in the case. Thank you. City of Detroit is United States versus City of Detroit. I'll check it out. Thank you. May it please the Court. The reason we're here is twofold. First of all, the state wants to move forward with a retrial unencumbered by the Brady decision. It wants to be able to go forward without having to produce the Brady reports. So after eight years of litigation involving thousands of documents, ultimately resulting in a writ saying that these reports are Brady and they have to be produced for a fair trial, the state wants a do-over of an unconstitutional trial without producing those reports. The vacator issue... Gets to do a new trial though, right? Excuse me? Gets to do a new trial, right? Yes. The district court can't tell it how to do that trial. The district court has  If the Brady material, assuming that you haven't changed your position, as the other side alleges, and if the Brady material just isn't produced so that the identical problem happens, then the way you deal with that is you just seek another habeas when you get another unconstitutional state court judgment, right? Well, Your Honor, a couple of things... Is that right or wrong? In a Brady case in particular, conditional writs are appropriate for the court to allow the state to cure the constitutional defect. And that's what the district court did here. The state had never come out and said, we don't have the Brady reports. They relied on Gillespie's burden of proof, saying he hasn't proven their material. Before we go off, is he right or not? Yes or no? The answer I would say is no, because of the fact that a conditional writ was issued, and the conditional writ was written slightly differently here than it is in other cases not involving Brady. It retained jurisdiction until he is again convicted. Well, the district court can write... Go ahead, Judge. It's all right. The district court can write whatever it wants, but it doesn't mean it retains jurisdiction that 2254 does not provide it. In Edelman, the district court wanted to continue monitoring the timeliness of the state court proceedings. It was out of business once the unconstitutional judgment was vacated. I agree with that. I agree with what you're saying about Edelman. I'm going to explain to you, though, why the district court is correct that it retains jurisdiction. It's an issue that should not be reached by this court, but what happened in Edelman was that the parties agreed that the underlying conviction was vacated. You agree that the underlying conviction has been vacated here? No. No? We have a court order to that effect. In D'Ambrosio and... We have a court order from the state court vacating this conviction, correct? Not under D'Ambrosio, no. D'Ambrosio explains that vacater, for purposes of federal jurisdiction, does not turn on what it called loose words by confused state court judges. That's because there wasn't a state court order vacating the conviction the way there is... In D'Ambrosio? Yeah, they had used in the trial court in D'Ambrosio the word vacated. Right, but here, they're saying that loose language isn't good enough. You need an order. You need an entry on the docket, I think was the term from D'Ambrosio. We have that here, don't we? I mean, can't we just agree on what's on the docket? I can agree that the court of appeals used the word vacated. It could have easily used overturned, remanded. The effect is remanding for a new trial. What D'Ambrosio teaches is you have to look at the course of conduct of the parties and whether they... What it teaches, look at the docket, and the docket says vacated, and vacated means the judgment is not here anymore. I mean, can we agree on this? D'Ambrosio also expressly says, you look at whether the charges have been expunged, which they haven't here, whether, and this is also Gentry... Expunged, it's gone. No, it's not. Gillespie, once the state court uses the magic word vacated, is there a judgment? For purposes of federal jurisdiction. For purposes of 2254. D'Ambrosio explained that you don't turn on loose words of courts, you have to look at the course of conduct. Can I get a simple yes or no to that question? Once the state court says vacated, what's the judgment under 2254? If it's actually vacated, as in Edelman, that would be correct. However... Edelman, we didn't even have a docket entry. But the parties agreed, they conceded. Okay, but you know what, I mean, what matters, D'Ambrosio says what matters is not what the parties are saying, it's what the docket says. I respectfully disagree, Your Honor. I think D'Ambrosio says you look at the entire course of conduct, you look at whether the charges have been expunged or if they haven't, you look at the issue of whether he still suffers from collateral consequences like sex offender restrictions, which my client does. And what's more important about all of this is, and why it's improper for this court to reach that issue, I mean, what the state wants you to do, wants to bait you into saying the federal district court no longer has jurisdiction, there'll be an opportunity to decide that later if the district court takes action. But in this case, we have submitted to the district court evidence that's relevant under Sixth Circuit case law as to whether it has actually been vacated. We submitted evidence that Mr. Gillespie still suffers from sex offender restrictions. He can't get a job. Wait a minute, I understood that he had to register when he was released on bond prior to the vacater of the state court judgment. I'm not aware that there's evidence that he had an obligation to continue, let's say he moved, that he would have an obligation to give a new address. Where's that in the record? Yes, we submitted that to the district court. The district court said, I'm not going to decide this now. It didn't even enter it into the record. It reserved. Because it was without jurisdiction. No, that's not why the district court, the district court said. Well, maybe in fact it was. Anyway, I mean, I'm not aware of evidence in the record before us, if you can direct me to it, that's great, showing collateral consequences after the vacater of the state court judgment. Those were submitted to the district court in a motion to expand the record. And at the very end of the case, if I pull up the document. I can, I think what you've said, we can track it from there. It shows that he still suffers under sex offender restrictions, as far as he knows for the rest of his life. And we asked the court to accept that into the record. I mean, how is that true? I mean, if in fact it's vague, I mean, if the state court said, this is an unconstitutional judgment, which is what the state court said. And we hereby vacate it. How does a vacated judgment continue to have consequences in Ohio? The state actually told him he had to register as a sex offender, and threatened to arrest him if he didn't. When? After this, during the litigation here. That's actually in the record as well. After the vacater? I mean, the collateral consequences cases are where the defendant has served his sentence. And the issue is, oh, you know, he's released. What's the big deal? Well, the big deal is, you know, I'm still a convicted felon. Your client isn't right now. He's not a convicted felon. And maybe, you know, if some sheriff is saying something to him, that's something maybe to deal with with that sheriff. But it's probably ultra virus. And I don't see how you can revive federal jurisdiction when the state court docket says it's vacated. I want to bring up one other point regarding D'Ambrosio and how it discusses Edelman that I think is relevant here. Gillispie, after it was revealed that the state would not produce the Brady material, moved under Rule 60B to bar re-prosecution, which the judge says, I'm denying temporarily and deference to the state court. I may come back, and he may possibly renew it later. Again, that hasn't happened. How in the world would he grant that relief? I mean, again, he would be doing exactly what the district judge did in Edelman. Trying to manage prospectively a state court trial at a turn. D'Ambrosio specifically says, it distinguishes Edelman and says, this is a situation where there is a valid 60B motion. Now, 60B motions don't give wide discretion to federal judges to go back and amend writs because they only apply in rare circumstances. But this is a circumstance where it may apply. And D'Ambrosio specifically says that you always have jurisdiction to consider a 60B motion if one of those circumstances under 60B are present, such as fraud on the court, new evidence, material change in circumstances. We filed a motion alleging those, and the district court has the right to consider that at some point if it comes to that. What is the district court trying to accomplish with these 60B type proceedings that are ostensibly in enforcement of its original order? What's it trying to do? I need to clarify something. The district court is not trying to accomplish anything. They're trying to paint a picture in their brief of a district court that's out of control, and it's beating its chest and threatening a state court. What's actually happening is the state keeps going back in with motions, and they're doing a motion to vacate, and then saying, in the motion to vacate, you have to vacate because there's no jurisdiction, which then forces the district court to respond to that issue and say, cabined within that discussion, I believe I have jurisdiction. And then the state says, in that vacater motion, collateral estoppel would not apply, so it forces the district court to address the equities of vacating. So then the district court addresses those issues in that cabined context, and then specifically says, I'm not intending to interfere with the state court proceedings, and I'm not barring re-prosecution. I'm going to wait and see what happens. With the district court, though, that in the order that's appealed from, apart from later orders, and apart from earlier orders, in this order that's appealed from, it did seem to change the scope of the conditional writ. You say he clarified it. Is that right? Seems to me that, at least, is problematic. No, I don't believe he did. I mean, the original conditional writ says, unless he's again convicted by a certain date. The time limit has changed. Yeah, he's gone back, and he's allowed the state to have more time. You guys, I mean, you agreed in your joint motion, I thought, that, I thought you agreed, and I can't put my finger on it, in some submission in the litigation, I think in the district court, that the district court had modified the original writ. New trial date. I'll find it. Wasn't there a trial date mandated under the? Yes, the trial date has changed. That is true. Is it your position that the district judge continues with jurisdiction over this case until the jury renders its verdict in the retrial? It continues to this date because he has not been, again, convicted. The district court says it has no intentions of interfering with any retrial whatsoever. Judge Ketledge, you asked me what the district court is trying to accomplish. First of all, the district court, with these orders, is not trying to accomplish anything. It's simply responding to the state's motion. But I think it's fair to say that at the beginning of this case, the district court had the authority to bar re-prosecution. We're dealing with a Brady case where the officers who talked about the exculpatory material were very clear, both in their affidavits and at the hearing, that they cannot remember all these exculpatory things in the records. And they went over and over again. In fact, in cross-examination, they said, I would have to see those records to refresh my memory. I don't remember. They remember that they conclusively excluded him as a suspect. There were facts that did that. They remembered one of them was a pant-sized discrepancy. But they even said they can't remember the details of that very well. Can I ask you a question?  In the decision granting the conditional writ, the district court ordered the state, quote, to release petitioner from custody unless he is again convicted at a trial commencing not later than July 1. So if the trial commences, you've met the condition. In the order that we're appealed from, it says he has to be retried and reconvicted before July 1, or the writ would become absolute. Now, isn't that a change? I mean, it's a small change. It's a small change, yes. So that should be fixed by us, or should it be not? To go back to the original language to clarify that he has to stay back to the original language is fine, yes. The original order was towards the end of providing relief from an unconstitutional judgment. Fair? That's what 2254 allows the district court to do. So meanwhile, he's gotten, I mean, hypothetically, if we set aside the collateral consequences argument, which I understand your argument, and I will track down the part of the record you're referring to. But hypothetically, if we set that aside, and we say that the judgment truly was vacated by the state courts, the purpose of that order, all the relief the district court could provide under 2254 in a habeas proceeding has been provided. What is the court doing? I would add that 60B allows the district court to modify an original writ in rare circumstances. They don't exist in many cases. But I'm going to just explain the circumstances here. I think it's fair to say that the district court was prepared and would have issued an unconditional writ if he knew that the Brady reports could not be produced. Because it was clear on the record. Forensic psychology of the district court. But he has that opportunity. Regardless of what he thought was, that was his opportunity. He gave the state a chance, and then learns that after years of litigation, that the reports don't exist. That's an opportunity that under 60B he could go back and say, well, if I had known that, I would have issued the first writ as unconditional. I mean, OK. And that means the judge, I am vaporizing the state court judgment myself. Release him now. That's what an unconditional writ is. And meanwhile, the state court did that. So. An unconditional writ, I mean, as Judge Merz said, if the state appellate court had dismissed with prejudice, in effect, what they did was remanded for a new trial, which is what Gillespie had already achieved in the habeas. They have a whole different set of jurisdictional boundaries in monitoring their proceedings than we have in monitoring state court proceedings. So, I mean, a conditional writ is, I'm going to vacate that state court judgment unless you do x and y. Unconditional is, I'm vacating it right now. I mean, at this point, it's already been vacated. So what is the district, who cares whether the district court thinks its conditions for vacating the judgment have been met or not? It's already been vacated. Your Honor, I would submit, and it's like bootstrapping its own jurisdiction. And it's like Rogelio Polls, that under Rule 60B, the district court would have jurisdiction if one of those factors under 60B is met to modify the writ. How under 2254, if it's already been vacated? And under Edelman? I thought we were clear on this. I mean, if the judgment's gone, so is jurisdiction. That means, get out of the way. And if they do it wrong next time, then you can deal with that then. That's exactly what we said in Edelman. Your Honor, De Ambrosio specifically addresses that. And it discusses Edelman. De Ambrosio didn't wipe Edelman off the books. No, it didn't. It didn't. It distinguished it in ways that are important. We didn't even have a vacater there that the court was able to agree upon. The language in De Ambrosio says specifically, we can put all jurisdictional issues aside because in this case, there was a proper 60B motion that the petitioner made. And you always have jurisdiction in the district court to consider a 60B motion. I mean, what if there actually is fraud on the court? The court has to be able to go back and look at those new circumstances and say, hey, wait a minute, I didn't know this. I need to now modify that original writ in light of Rule 60B. That's exactly what De Ambrosio says. De Ambrosio says, you know, looking at the whole course of conduct counsels against finding that De Ambrosio's convictions were, quote, vacated. I mean, that is the predicate of everything that follows. And I want to focus on the words you just said because that's what I was talking about earlier. De Ambrosio doesn't say there's magic words vacated in order. As you just said, De Ambrosio says looking at the entire course of conduct. Right, right. And the course of conduct includes whether the state has actually expunged the record, had they gotten rid of sex offender restrictions. It's precisely because there wasn't an actual docket entry. Okay, I mean, De Ambrosio is saying these kind of confused claims and counterclaims between the parties are not enough for us to say vacated, absent, vacater on the docket. And we have that here. May I close, Your Honor? Sure. The only issue in this appeal is whether Judge Murs abuses discretion in declining to vacate the original writ. And I think the state has a very uphill burden to meet there. The state wants to get this court to go on and explain whether or not the district court has ongoing jurisdiction. It would be most imprudent we submit to do that at this time because the district court has only discussed jurisdiction cabined in the context of their motions. If the district court does something in the future, if it bars re-prosecution, at that time it will have explained its reasons, it will have analyzed the cases, it will have submitted the evidence into the record relating to that issue that we tried to submit. And then there will be a full record for this court to review on that point at that time. Okay, thank you, counsel. Thank you. Thank you. I'm back. Judge Kethledge, you are absolutely correct in questioning the collateral consequences here. He does not suffer from collateral consequences and we have addressed that in our reply brief as well. And remind me how you did? The point that you made as to the time period, the state court properly required Mr. Gillespie to require, to become on the sex offender registry and to make the courts known his address, according to that, before the vacation of his conviction. After the state courts vacated his conviction, there's no longer any conviction forcing him to register. And I have confirmed with the prosecutor's office, he is not being forced to register. He is not being forced to report. And of course, he may be retried under the same indictment under Satterley. And that is not something that is foreclosed by the Edelman and de Ambrosia cases. And Judge Rogers, the de Ambrosia case absolutely turned on this court's belief whether or not there had been a vacator of the state court judgment. That is what that case turned on. And the court in that case found there was no vacation. As Judge Kethledge has correctly said, in this case, it's on the record. There is an absolute vacation of the judgment. To me, that argument is compelling, but it's hard for me to see why it's before us. You say we can clear it all up now. You can, and you must. But I'm not seeing how we must, to be honest. You say we must, but why must we? It seems like we mustn't, to me, because it's not before us. It is before you, Your Honor. Well, how is it before us, other than to erase something that was fully legitimate when it was entered on the theory that it can't be relied upon in a future case to do something that he hasn't done yet? I mean, how is that a must? It seems to me that's a must not. The Supreme Court says it's a must, Your Honor, and Judge Maloney- No, the Supreme Court says it's a must in cases where something is vacated on appeal, not in Rule 60b-5, which seems to be dealing with something entirely different. The Supreme Court in Munsing- Those cases did not turn on the fact that the appeal was mooted or the appeal was dismissed. The cases turned- It seems to me that's with all those cases to turn. Those cases were decided on the facts of whether or not the party had slept on their rights and had filed a motion to vacate. We did. All those cases were ones where the appeal of the now-moot order remained with the Court of Appeals, correct? The appeal of the moot order- So there's an order, party appeals. During the pendency of the appeal, the appeal, I guess more specifically, becomes moot. Just like here. Right, difference, difference. Well, yeah, like here for a while, but the difference is that in those other cases, the appeal remained with the appellate court, which is not what happened here. Well, in Munsing- That is a difference, isn't that fair? I'm not seeing it because in Munsing- where the Court of Appeals dismissed the appeal and no party then moved to vacate it. In Bancorp, they moved to dismiss the appeal because they settled- The Court of Appeals dismissed the appeal. In other words, the appellant didn't dismiss the appeal. Well, the appellant- That's what happened here. In Munsing-where, but in Bancorp, they moved to dismiss the appeal because of their joint actions. That's what mooted the case. Here, we had no choice. If we had let the case go forward, this Court should have dismissed it sua sponte. And Judge Maloney, the case- Well, you have no choice, but you have the huge, almost compelled choice to ask for a vacater if you think it should be vacated. Which we did in the Court of First Instance. Well, let me- In the District Court, and there's nothing that says that it has to be done. All right. Yes. Because here's what I don't get. I mean, presumably, I mean, as I understand your argument, you're saying, look, we have two problems, not just one, all right? We've got a mootness problem, and we've got a subject matter jurisdiction problem under 2254. And that, for some reason, is why, unlike in the other kind of Munsing-where type cases, we could not persist in our appeal, because we'd say, well, we can't touch this, and therefore, we leave. The irony and the inconsistency, I would suggest, is that you then turn to another federal court and ask for the same relief that you would have asked for here. And 2254 applies to both of us. So why does that make any sense? We turn to the court who issued the order we sought to vacate, and at the time, exactly- But if your problem with remaining in the Court of Appeals for purposes of seeking vacater of the order is 2254, okay? If that's your problem, you have the same problem with the district court. So it doesn't seem to make a lot of sense to me that you would have departed from the normal Munsing-where course. I want to give you a chance to respond to that. Well, the court does, a federal district court, including the district court, has jurisdiction under 60B to vacate its order. It made sense to us- So do we. But the court of the district court, who up until the moment that we dismissed our appeal, stated very clearly on the record, the case is moot, my judgment is moot, there no longer remains any live interest for the state to protect. We had no reason to believe that he would have changed his mind. It would have been a formal, you're right, the case is moot, it's dismissed, go back to the state courts. But he completely did a 180, and while he half-apologized by regretting if his comments misinformed counsel- You know, you gotta make your own call. You're not just doing what opposing counsel tells you to do. I understand, your honor, but in the United, please look at pages 40 and 41 of the Bancorp decision, and the last, of the Munsing-where decision, and the last paragraph of Bancorp. These cases do not stand for the proposition that the 60B must be filed in this court. There's nothing- Is there any language in Munsing-where which forecloses you to go to the district court? No, in fact, it specifically says that the case, the denial of a motion to vacate, could bring the case to the appellate court. We followed that procedure. And given the posture of this case, how is the state prejudiced in any way? Your honor, the state is prejudiced because there is an untested, unlawful, absolutely wrong conditional writ order that we were unable to appeal that is on the books. It is causing the state of Ohio great consternation and confusion such that they have stayed their entire proceedings based upon their fear of what they're allowed to do under the current order as it stands. We request that you- Let's say that we, hypothetically speaking, just as an example, that we just declined to overturn this on a theory that we've been suggesting here, that this is not a proper Rule 60B motion. You would not then say that that precludes you from appealing any subsequent action which is beyond the district court's jurisdiction, would you? The state of Ohio could certainly take that action, but we would suggest that it shouldn't need to as the issue can be decided here. I understand you want to put it up so that you don't have to, but you wouldn't argue that by, you would reject an argument that by losing here, you're precluded from doing that. Yes. Okay. I would like to, in closing, answer Judge Keflich's question where he said that Petitioner Gillespie had conceded that the district court had modified its, and Judge Rogers, had modified its initial record, initial writ. That's found on page 4802 of the record. How has it changed? The district judge changed his decision from saying that you must initiate the retrial proceedings to, if you don't conclude, I'm going to bar retrial. I would ask that you please reverse- If we interpret that to mean reaffirming what it said in the first place, you'd be okay. No, we wouldn't be okay, because he, because- You're okay with what it said, oh, well, you want to vacate the first one. That's just on the issue. Assuming we don't vacate the first one, if we interpret the second one just to misstate what still applies from the first one, then you'd be covered. Well, you'd have to look at all of his subsequent issues where he continues- You don't have to look at continued, do we? I mean, that's beyond our jurisdiction. Actually, Your Honor, it's Munsing-Worspon, to put it in terms of United States Supreme Court, and this court is absolutely within its jurisdiction to stop it and stop it now. Return to the state courts. I think I understand. Thank you so much. Case will be submitted. I think that's the last case for today. Thank you. You may adjourn the court. The Honorable Court is now adjourned. Thank you, Your Honor. Thank you. Thank you. Thank you. Thank you. Thank you.